IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Travis Smith, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cv1182 (LO/IDD) |
| | ) | |
| Harold W. Clarke,[1] | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Travis Smith, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of a drug offense in the Circuit Court of the City of Portsmouth. On January 24, 2012, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Smith was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the following reasons, respondent's Motion to Dismiss must be granted, and the petition will be dismissed, with prejudice.

I. Background

On March 12, 2009, Smith was convicted following a bench trial of possession with intent to manufacture, distribute or sell an imitation substance that imitates cocaine, in violation

---

[1]The Commonwealth of Virginia originally was listed as the respondent in this action. However, in his Brief in Support of Motion to Dismiss, respondent moves the Court to correct the style of the case by substituting the Director of the Virginia Department of Corrections ("VDOC") for the Commonwealth. Resp. Brief at 2, n. 1, Because a petitioner's custodian is the proper party respondent in § 2254 proceedings, see Rule 2(a) of the Rules Governing Habeas Corpus Proceedings, respondent's request has been honored, and Harold W. Clarke, the current Director of VDOC, is now listed as respondent.

of Va. Code § 18.2-248. Case No. CR08-2354-01. On May 5, 2009, Smith was sentenced to five years incarceration, with two years suspended, and final judgment was entered on May 6.

Smith appealed to the Court of Appeals of Virginia, arguing that the evidence was insufficient to sustain his conviction because the Commonwealth's main witness was not credible. A judge of that Court ruled that the requirements of Rule 5(A) had not been met because no objection to the credibility of the witness was made at trial, so the issue was not preserved for appeal. Smith v. Commonwealth, R. No. 1198-09-1 (Va. Ct. App. Nov. 12, 2009). A three-judge panel subsequently affirmed that ruling. Smith v. Commonwealth, R. No. 1198-09-1 (Va. Ct. App. Dec. 23, 2009). Smith sought further review by the Supreme Court of Virginia, but the petition for appeal was refused. Smith v. Commonwealth, R. No. 100083 (Va. May 18, 2010).

On March 15, 2011, Smith timely filed an application for a writ of habeas corpus in the trial court, arguing that he received ineffective assistance of counsel when his attorney failed to preserve the issue of witness credibility, thereby "leaving ...appellate counsel with virtually nothing to work with." By Order dated July 14, 2011, Smith's petition was denied, Resp. Ex. C, and he took no appeal of that result.

On August 17, 2011, Smith filed a second state habeas corpus application, this time with the Supreme Court of Virginia. Among the several claims raised, petitioner argued that: 1) he was denied the right to confront the witness against him at his trial; and 2) trial counsel was ineffective for failing to ensure petitioner's right to speak on his own behalf at sentencing. By Order dated October 4, 2011, the petition was dismissed as untimely filed pursuant to Va. Code § 8.01-654(A)(2). Smith v. Dir., Dep't of Corr., R. No. 111536 (Oct. 4, 2011).

Smith then turned to the federal forum and filed the instant application for § 2254 relief on October 24, 2011,[2] raising the following claims:

1. He was denied the right to confront the witness against him at his trial.

2. He received ineffective assistance of counsel when his attorney did not adequately preserve the issue of witness credibility for appeal.

3. He was denied effective assistance of counsel because he was denied his right to speak on his own behalf at sentencing.

As noted above, respondent has filed a Motion to Dismiss the petition along with a supporting brief and exhibits, and petitioner has filed a reply. Respondent acknowledges correctly that petitioner's claims were exhausted in the state forum.[3] Accordingly, the matter is now ripe for disposition.

## II. Procedural Bar

A. <u>Claims 1 and 3</u>

---

[2] A pleading submitted by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); see also <u>Houston v. Lack</u>, 487 U.S. 266 (1988). In this case, petitioner certified that he placed his petition in the prison mailing system on October 24, 2011, Pet. at 21, and it was date-stamped as received by the Clerk on October 31. Pet. at 1.

[3] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); <u>Granberry v Greer</u>, 481 U.S. 129 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. <u>See, e.g.</u>, <u>Duncan v. Henry</u>, 513 U.S. 364 (1995).

3

Claims 1 and 3 of this federal petition as listed above were raised in the state forum in Smith's habeas corpus application to the Supreme Court of Virginia, which dismissed the claims as untimely filed pursuant to Virginia Code § 8.01-654(A)(2). Where a state court has made an express determination of procedural default, the finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Supreme Court of Virginia's finding in this case that Smith's second state habeas application was filed untimely constitutes an independent and adequate state ground for denying relief. See O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996); see also Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006).

When, as here, these two requirements are met, federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. In his reply to the respondent's Motion to Dismiss and supporting brief, where respondent raised the defense of procedural default as to

4


claims 1 and 3, petitioner makes no attempt to satisfy the cause and prejudice requirement or to demonstrate that a fundamental miscarriage of justice will occur if claims 1 and 3 are not reviewed on the merits. Therefore, claims 1 and 3 of this petition are procedurally barred from federal consideration on the merits.

B. Claim 2

Smith raised claim 2 of this federal petition in his first state habeas petition, which was filed in the trial court. After the claim was denied, Smith took no appeal to the Supreme Court of Virginia, and it is well established in federal habeas corpus jurisprudence that "if a defendant defaults by not following proper state appellate procedure .... [federal courts] have no power to review his defaulted issues ...." Kornaherns v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Although Smith did not properly present claim 2 to the Supreme Court of Virginia, it is nonetheless treated as exhausted because he is now precluded from raising it again in state court by virtue of the limitations period set out at Va. Code § 8.01-654(A)(2), discussed above, and also by Va. Code § 8.01-654(B)(2), which bars successive state habeas applications. Claim 2 consequently is simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

In his reply to the Motion to Dismiss, Smith argues that the procedural default of claim 2 should be excused because it was caused by the ineffective assistance of his trial counsel. However, a claim of ineffective representation that has not itself been presented to and exhausted in the state courts cannot serve as cause for the procedural default of additional claims. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990). As petitioner neither suggests nor offers evidence sufficient to establish that he is actually

innocent of the offense for which he was convicted, see Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999), claim 2 of this petition is procedurally barred from federal consideration on the merits. See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995) (where no showing is made of cause for a procedural default, a court need not consider the issue of prejudice).

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 10th day of April 2012.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge